Gaston, Judge.
After stating the case proceeded as follows : The claims of the two venditionis purporting to be founded on levies made on the 14th of November will be first considered. — Many objections have been made to the regularity of these proceedings ; two of which apply to both the venditionis, and are so decisively fatal as to render it unnecessary to consider of the others.
Executions on Justice’s judgments command the officer to make the money recovered out of the goods and chattels of the party cost, and for want of goods and chattels to levy on his lands and tenements, and make return of such levy to the justice. It is required that this levy shall set forth “ the lands and tenements levied on, where situate,' on what water course, and whose lands adjoining.” It is the duty of the justice to whom such return is made, to return the execution to the County Court with all the papers on which the judgment shall have been rendered, and the land so levied upon or so much thereof as shall be sufficient to satisfy the judgment, shall by order of the court, be sold by the Sheriff, and the clerk shall record the whole of the papers and the proceedings had before the justice, (see 1 Rev. Stat. c. 62 sec. 16). The plaintiff may also apply to the court to enter up a judgment in court for the amount of his recovery before the justice and the costs, and on such judgment being rendered, if a sale of the lands so levied on shall *37 aot produce a sufficient sum to satisfy the judgment and -costs, the plaintiff may sue out execution for the unsatisfied part thereof (See 1 Rev. Stat. C. 45 sec. 8 & 9). No order of the court and no judgment was shewn, and we are not at liberty to presume any other than that which the writs issued, from it necessarily establish. — These writs which are in the nature of venditionis recite that the executions from the justice were levied “ on the lands of Sauls” and command the sheriff to sell “ the lands and tenements levied on as aforesaid.” The command thus far, is inefficient, because it no where appears from the writ, nor from any of the proceedings wherewith the writs are connected,] what lands and tenements have been so levied on. The authority of the court in enforcing levies on executions upon Justice’s judgments is special. It may order all the land levied on to be sold — or a part of it only — but it can order none to be sold to satisfy the justice’s judgment but what has been levied on under the justices execution. The court in the first part of these writs professes to execute this authority, and commands the whole of the land so levied on to be sold— but the writs in no way shew forth or enable the sheriff to find out what is the land which he is commanded to sell. It is manifest from the provisions above recited — the specifications required in the constable’s return with respect to the land levied on, and the order of the court thereon with respect to the sale either of the whole of the land so levied, on or sudr part of it as shall be deemed necessary — as well as from the very nature of the writ of venditioni exponas — that it is indispensable to the efficacy -of such a writ that the thing to' be sold should be set forth in it either expressly, or by reference to some matter of record. The Sheriff owes active obedience to the writ — but he cannot under the pretence of obedience do what it commands not. Where an order of sale has been regularly made of land levied on under a justice’s execution, that order -effectuates the levy by distinct relation to it. The sale when consummated under the order takes effect as from the levy.. The sale, the order and the levy, are all constituent parts of a legal transfer — of the sei-sure and application of the debtor’s land to the satisfaction *38 of his creditor. The sale must correspond with the order, and the order with the levy. What is there to shew that s0^ the proceeds whereof are the subject of dispute, is that land which the constable had levied on under Smith’s executions and which the court ordered to be sold in pursuance of such levy 1 It is impossible we think, under this view of the subject, to allow a priority to these executions.
There is another view of the subject which, on account of the interest of the question that it presents, we deem it our duty to notice, although it is not essential to the determination of the case. The act of 1828, c. 9, sec. 6, (1 Rev. stat. c. 45, sec. 19,) requires, whenever a justice’s execution shall be levied on land that the defendant shall have five days notice in writing of the levy before any order of sale can be made, with a proviso in case of concealment or removal from the county, or a residence in another state, that a publication in some newspaper may, by order of court 'be substituted for such actual notice in writing. It is indispensable, we think, to the effectual execution of this legislative requirement to hold, that an order of sale, made without notice — unless the defendant appear and waive notice — is altogether null. The sheriff may not be a tress-passer for selling under such an order, because he is always justified in obeying a writ issued to him by a court possessing jurisdiction over the subject matter on which it acts ; but the sale transfers no title to the purchaser- — -the thing sold remains the property of the defendant — and is liable to be seized, notwithstanding such sale upon a generalj£ fa. of one of the defendant’s creditors. The -notice of the levy required by the act of 1828 was not given, and could not be given in time to support the order of November Term, and the record does not shew, that Sauls appeared at that term and waived notice.
Our next enquiry with respect to the executions in favor of Richai’d Smith is whether they cannot claim to be satisfied pari passu and rateably with the fi. fa. from Court in favor of A. Bordeu & Co. We think not. When a justice’s execution is x-eturned to court, it is in the power of the plaintiff, supposing the levy to have been sufficiently special, *39 to apply to the Court and have a judgment there rendered in his behalf for the sum recovered before the justice and costs, and we incline to the opinion that upon a fair construction of the statuary provisions, he may after obtaining such a judgment sue out a vendictioni to sell the land so levied upon with a special fi. fa. in case the amount of the judgment and Costs be not made by such sale, to levy generally for the unsatisfied part of the judgment. But unless a judgment be rendered in court, if the recovery remain altogether a justice’s judgment, the authority of the court extends no farther than to enforce the sale of the land levied upon by the constable. It is a general rule that an execution cannot issue from any court but that in which the judgment has been rendered; and wherever a departure from this rule is authorised, it must be confined within the prescribed limits. Besides, the County Court derives all its jurisdiction to act upon such subjects from the levy made and returned to it, and the first step which it is authorised to take, is to order the land levied upon to be sold. We have seen that this step cannot be taken without a notice to the defendant in execution unless he appear and waive notice. If this be an indispensable requisite to the first action of the Court, it is necessarily prerequisite also to further action. The Court has no original authority to issue a fi. fa. but one dependant upon, and suppletory to its authority to sell what has been returned to it as levied. With every disposition to view with indulgence proceedings in which a strict adherence to form is not often observed, we must nevertheless be cautious in upholding those fundamental rules- which the legislature has deemed necessary for the security of property. We are obliged therefore to hold these executions invalid as fi. fas. _
_ If we are correct in the conclusion that the fi. fa. from the Court has priority over these two executions, there is no difficulty in assigning to it a preference over the six other executions. These were issued on the 16th of November, the day of the teste of the fi. fa. from the Court, and were • on that day levied upon “ land” without any further specification or description. No judgment nor order of Court is-shewn, nor notice to the defendant nor appearance by him, *40 but writs issued from the Court on the same day, reciting levies “ on the lands and tenements of. Fennel Sauls,” and IdUow^g die language used in the executions in favor of Richard Smith, which have been before examined.
It is the opinion of this Court, that the judgment of the Superior Court of Wayne is erroneous, and that the whole , of the money brought into Court by the sheriff, ought to be applied towards the satisfaction of the judgment in favour of the plaintiffs.
Pek Curiam. Judgment reversed.